**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Orlando CRUZ–ORTIZ, aka Saul Antonio–Garcia, aka Orlando Cruz–Ortinz, Defendant–Appellant.**

**No. 99–50012.**
**D.C. No. CR–98–00895–ER.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 22, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM [2]

Orlando Cruz–Ortiz appeals his conviction and 77–month sentence imposed following his guilty plea to illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Cruz–Ortiz's sole contention [3] is that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) limits his sentence to the two year maximum of 8 U.S.C. § 1326(a), because his prior aggravated felony convictions were neither charged and proven beyond a reasonable doubt, nor expressly admitted.

We have previously rejected this contention, *United States v. Pacheco–Zepeda*, 234 F.3d 411, 413–15 (9th Cir.2000), *amended* (Feb. 8, 2001), and do so here.

AFFIRMED.

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

**3.** Initially, counsel for Cruz–Ortiz filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there were no arguable issues for review and moving to withdraw as counsel of record. The court's independent review of the record disclosed an arguable issue concerning the validity of Cruz–Ortiz's guilty plea. Cruz–Ortiz, however, then submitted a written waiver of any challenge to the validity of his plea. A brief raising *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) has been substituted for the *Anders* brief, and *Apprendi* is the only claim at issue on appeal.

